1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT ELLIS,

11            Plaintiff,                    CIV No. S-11-0363 GEB CKD

12        vs.

13   REDDY (Doctor),                    FINDINGS & RECOMMENDATIONS

14            Defendants.

15   _____/

16            Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17   to 42 U.S.C. § 1983.  This action is proceeding on the original complaint, filed February 9, 2011.

18   (Dkt. No. 1 ("Cmplt.").)  The complaint alleges that defendant was deliberately indifferent to

19   plaintiff's serious medical needs in violation of the Eighth Amendment.  Pending before the

20   court is defendant's June 20, 2011 motion to dismiss the complaint for failure to state a claim

21   against the sole remaining defendant, Dr. Reddy, pursuant to Rule 12(b)(6) of the Federal Rules

22   of Civil Procedure.  (Dkt. No. 18 ("Mot.").)  Plaintiff filed an opposition to the motion, and

23   defendant filed a reply.  (Dkt. Nos. 20, 21.)  For the reasons set forth below, the undersigned will

24   recommend that defendant's motion to dismiss be granted.

25   \\\\

26   \\\\

BACKGROUND

Plaintiff, an inmate at Folsom State Prison, alleges that he suffered from hemorrhoids for three years.  Doctors at FSP thought that plaintiff had a problem with his prostate and gave him prostate medication.  Some time later, FSP doctors "got the findings right and found a bump" on plaintiff's sphincter.  Plaintiff was given Anusol (a topical corticosteriod), stool softener, and Fiber One.  However, he has "complained for a couple of years that this medication doesn't work."  He alleges that Dr. Reddy "continues to tell me that I'll just continue to have this problem and there's nothing we can do." (Cmplt. at 3.)  Plaintiff alleges that he experiences significant pain, swelling, and difficulty with his excretory functions due to Dr. Reddy's failure to effectively treat this problem.  (Id. at 4; see also Dkt. No. 20 ("Opp.") at 1.) He claims that "this lack of relief," along with Dr. Reddy's failure to refer him to an outside specialist, violates his rights under the Eighth Amendment.  (Id.; Opp. at 1.)  In addition to damages, plaintiff seeks injunctive relief in the form of "up to date medication" and a referral to another doctor.  (Id.)

DISCUSSION

I.  Legal Standard

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

1   the reasonable inference that the defendant is liable for the misconduct alleged." Id.

2          In considering a motion to dismiss, the court must accept as true the allegations of

3   the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

4   (1976), construe the pleading in the light most favorable to the party opposing the motion and

5   resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied,

6   396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume that general allegations embrace

7   those specific facts that are necessary to support the claim.'" National Organization for Women,

8   Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S.

9   555, 561  (1992).  Moreover, pro se pleadings are held to a less stringent standard than those

10  drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

11         The court may consider facts established by exhibits attached to the complaint.

12  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

13  consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

14  1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

15  papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

16  1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

17  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

18  II.  Eighth Amendment Claim

19         Plaintiff's cause of action against defendant is for deliberate indifference to

20  plaintiff's serious medical needs in violation of the Eighth Amendment.

21         Denial or delay of medical care for a prisoner's serious medical needs may

22  constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v.

23  Gamble, 429 U.S. 97, 104-05 (1976).  An individual is liable for such a violation only when the

24  individual is deliberately indifferent to a prisoner's known serious medical needs.  Id.; see Jett v.

25  Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir.

26  2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000). To establish deliberate

1    indifference, an individual defendant must have "purposefully ignore[d] or fail[ed] to respond to

2    a prisoner's pain or possible medical need." McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.

3    1992) overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.

4    1997). "Mere negligence in diagnosing or treating a medical condition, without more, does not

5    violate a prisoner's Eighth Amendment rights." Id. at 1059. "A difference of opinion between a

6    prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983

7    claim." Franklin v. Or. State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981). Furthermore,

8    where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the

9    prisoner must show that the delay caused "significant harm and that Defendants should have

10   known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060. Mere

11   delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical

12   indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

13           Here, assuming arguendo that plaintiff's problem constitutes a serious medical

14   need, his allegations do not amount to a showing of deliberate indifference. Rather, they show

15   that Dr. Reddy attempted to treat plaintiff's symptoms through the use of common over-the-

16   counter medications (Anusol, stool softener, and Fiber One) and concluded that nothing more

17   could be done to improve plaintiff's condition. Plaintiff's apparent belief that some other,

18   unspecified treatment could successfully ease his symptoms reflects "a difference of opinion

19   between a prisoner-patient and prison medical authorities regarding treatment," which does not

20   give rise to a constitutional claim of deliberate indifference. Franklin, 662 F. 2d at 1344.

21   Moreover, a prison inmate has no independent constitutional right to outside medical care, as

22   plaintiff seeks here. Roberts v. Spalding, 783 F.2d 867, 870 (9th Cir. 1986). Thus, the court will

23   recommend that defendant's motion to dismiss the complaint for failure to state a claim be

24   granted.

25   ////

26   ////

1    Accordingly, IT IS HEREBY RECOMMENDED that defendant's June 20, 2011

2  motion to dismiss (Dkt. No. 18) be granted.

3    These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

5  one days after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8  shall be served and filed within fourteen days after service of the objections.  The parties are

9  advised that failure to file objections within the specified time may waive the right to appeal the

10 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  Dated: November 7, 2011

12

13                                        CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE
14

15

16  2
   elli0363.mtd

17

18

19

20

21

22

23

24

25

26